IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JONATHAN B. POYNOR                                                                        PETITIONER
Reg. #32061-009

v.                                            2:22-cv-00241-BSM-JJV

JOHN YATES, Warden[1]                                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.    INTRODUCTION**

Petitioner Jonathan B. Poynor, an inmate at the Federal Correctional Institution – Forrest City Medium, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No.

---

[1] According to the Supplemental Response (Doc. No. 9 at 1), the new Acting Warden at the Federal Correctional Institution – Forrest City Medium is E. Kessell. Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, made applicable to other types of habeas petitions by Rule 1(b), the respondent should be named as the officer who has custody of the petitioner. Therefore, E. Kessell, Acting Warden of the Federal Correctional Institution – Forrest City Medium, is the appropriately named respondent, and the Clerk is directed to amend the docket to substitute him as the respondent.

1.) He alleges the Bureau of Prisons ("BOP") has improperly denied him jail time credit. (*Id*. at 6, 14-27.) After careful consideration of Mr. Poynor's Petition as well as the Response (Doc. No. 6) and Supplemental Response (Doc. No. 9), I recommend the Petition be dismissed without prejudice.

## II.   FACTS

Mr. Poynor was arrested on October 28, 2017, and charged in state court with a violation of his parole as well as possession of a controlled substance with purpose to deliver. (Doc. No. 9-1 at 21.) His parole was revoked on November 27, 2017, and he was transported to the Arkansas Division of Correction on December 14, 2017. (*Id*. at 4.)

On June 6, 2018, Mr. Poynor was indicted in this district for being a felon in possession of a firearm. (*Id*. at 29-30.) On two occasions while he was still in state custody, he was transferred to United States Marshal Service ("USMS") custody via writ of habeas corpus *ad prosequendum* so that he could appear for proceedings on the federal charge. (*Id*. at 32, 34.) He was ultimately discharged from his state obligation on June 27, 2019, at which point he came into exclusive federal custody. (*Id*. at 5, 36.)

Mr. Poynor requested a detention hearing in his federal case, which was held on August 9, 2019. *See United States v. Poynor*, Case No. 4:18-cr-00293-1-JM (E.D. Ark. 2018), Doc. No. 35. Mr. Poynor was ordered detained on the basis that he posed a danger to the community and no condition or combination of conditions would reasonably assure its safety. *Id*., Doc. No. 37. He later entered a guilty plea on the federal charge and was sentenced on July 15, 2020, to ninety months' imprisonment. (Doc. No. 9-1 at 39-45.) The BOP awarded Mr. Poynor jail time credit from June 28, 2019 – the day after his state sentence ended – to July 14, 2020 – the day before his federal sentence commenced. (*Id*. at 5, 10.)

Mr. Poynor alleges he is entitled to jail time credit for the time he spent in detention awaiting sentencing in his federal case, after he was discharged from his state obligation. (Doc. No. 1 at 6, 14.) He also requests a retroactive designation of the state prison as a place of federal confinement so that his federal sentence would run concurrently with the state sentence, pursuant to 18 U.S.C. § 3621(b) and *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990). (*Id*. at 16-21.) Respondent argues in part that Mr. Poynor's Petition should be dismissed based on his failure to exhaust his administrative remedies. (Doc. No. 9 at 2.)

**III.   ANALYSIS**

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16). Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a). Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is

not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

The record shows that Mr. Poynor failed to present his claim to the BOP through its Administrative Remedy Program. BOP records demonstrate that he has submitted three Administrative Remedy Requests during his incarceration, but none pertained to the claim raised here; rather, all three concerned alleged carbon monoxide poisoning. (Doc. No. 9-1 at 13.) Mr. Poynor concedes that he failed to exhaust his claim, claiming his efforts to do so were impeded. Specifically, he says he submitted requests for jail time credit to his "case manager" and "building captain" while detained at the Sheridan Detention Center, and those requests went unanswered. (Doc. No. 1 at 9-10.) But those requests were made before his sentence commenced, were not made to the BOP, and did not comply with the requirements of the BOP's Administrative Remedy Program. Mr. Poynor also claims that after beginning his sentence at the BOP, he wrote "letters" to the "facilities warden" and to the BOP's "Designation and Sentence Computation Center," which likewise went unanswered. (*Id*. at 10-11.) Again, these letters were not the proper first step under the Administrative Remedy Program. Mr. Poynor's assertion that the exhaustion requirement should be excused on the basis of futility (*Id*. at 11-12) is not well-taken. The record demonstrates he had access to the Administrative Remedy Program and failed to avail himself of it.

Because Mr. Poynor failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his Petition should be dismissed without prejudice.

4

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Poynor's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 15th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE